**YI DI LIN, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General,[1] Respondent.**

No. 07–4441–ag.

United States Court of Appeals, Second Circuit.

June 20, 2008.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for for-

mer Acting Attorney General Peter D. Keisler as the respondent in this case.

50

Bruno Joseph Bembi, Hempstead, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Susan K. Houser, Senior Litigation Counsel, Leah V. Durant, Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. JOSÉ A. CABRANES and Hon. ROBERT D. SACK, Circuit Judges.

### *SUMMARY ORDER*

Petitioner Yi Di Lin, a native and citizen of the People's Republic of China, seeks review of the September 27, 2007 order of the BIA denying his motion to reopen and request to file a successive asylum application. *In re Yi Di Lin,* No. A74 234 830 (B.I.A. Sept. 27, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See*

*Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted). In reviewing the BIA's denial of a motion to reopen, we remain mindful of the Supreme Court's admonition that motions to reopen are "disfavored." *See Maghradze v. Gonzales,* 462 F.3d 150, 154 (2d Cir.2006) (citing *INS v. Abudu,* 485 U.S. 94, 107, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988)).

■ Here, we find that the BIA did not abuse its discretion in denying Lin's motion to reopen as untimely. As the BIA noted, its prior decision was issued in September 1998, but Lin did not file his motion until August 2005, well beyond the 90–day deadline. *See* 8 C.F.R. § 1003.2(c)(2).

■ Moreover, the BIA properly found that Lin's motion did not qualify for an exception to the time limitation. *See id.* It is well settled that the birth of U.S. citizen children is not evidence of changed conditions in China. *See Li Yong Zheng v. U.S. Dep't of Justice,* 416 F.3d 129, 130–31 (2d Cir.2005) (finding that the birth of U.S. citizen children constitutes a change in personal circumstances, not a change in country conditions, and therefore does not establish an exception to the filing deadline for motions to reopen); *Wei Guang Wang v. BIA,* 437 F.3d 270, 273–274 (2d Cir.2006) ("it would be ironic, indeed, if petitioners like Wang, who have remained in the United States illegally following an order of deportation, were permitted to have a second and third bite at the apple simply because they managed to marry and have children while evading authorities. This apparent gaming of the system in an effort to avoid deportation is not tolerated by the existing regulatory scheme.").

■ Furthermore, despite Lin's submission of various allegedly official Chinese government documents, as well as recent country reports and his own affidavit, the BIA did not abuse its discretion in concluding that he failed to provide sufficient evidence to support his allegation that conditions in China have materially changed. We have previously reviewed the BIA's consideration of similar evidence in the context of an untimely motion to reopen and have found no abuse of discretion in its conclusion that such evidence was insufficient to establish changed conditions in China. *Id.* at 275 (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] ... it may do so in summary fashion without a reviewing court presuming that it has abused its discretion"); *Jian Huan Guan v. BIA,* 345 F.3d 47 (2d Cir.2003) (holding that the BIA did not abuse its discretion in denying a petitioner's untimely motion to reopen where she submitted proof of the birth of her two sons, a letter from her parents warning of the danger of forced sterilization, and a purported sterilization certificate for her cousin who also had two children).

■ In addition, we find that the BIA did not abuse its discretion in concluding that Lin had not provided sufficient evidence that the birth of his U.S. citizen children violated the family planning policy in his area of residence in China, or that the implementation of sanctions resulting from any possible violation would rise to the level of persecution. *Cf. Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir. 2005) (holding that "[i]n the absence of solid support in the record" for an appli-

cant's assertion that she would be persecuted, the BIA did not err in denying asylum because her fear was "speculative at best").

■ Therefore, we decline to examine Lin's argument challenging the BIA's finding that he must comply with the requirements of a motion to reopen in order to file a "successive" asylum application because, even assuming that the BIA's conclusion was erroneous, Lin failed to establish *prima facie* eligibility for asylum. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 338–39 (2d Cir.2006) (discussing the futility of remand where we can confidently predict that the agency's decision would not change).

Finally, because we lack jurisdiction to do so, we decline to consider Lin's argument that the BIA erred in failing to exercise its *sua sponte* authority to reopen his exclusion proceedings. *See Ali v. Gonzales,* 448 F.3d 515, 518 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED.